1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | NO: CV-12-479-RMP |
| LLS AMERICA, LLC, | Bankruptcy No: 09-06194-PCW11 |
| Debtor. | Adversary No: 11-80294 |
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America LLC, | ORDER GRANTING MOTION FOR DEFAULT AND JUDGMENT |
| Plaintiff, | |
| vs. | |
| PHYLLIS BLEA, et al., | |
| Defendants. | |

Before the Court is bankruptcy trustee Bruce P. Kriegman's Motion for

Entry of Default and Judgment as to Defendants Terry and Kathy Kroske, ECF No.

5. The Court has reviewed the motion, its attachments, the Court's file, and the

Bankruptcy Court's file for the adversary action 11-80294-PCW11.

This case arose as an adversary action as part of the bankruptcy of LLS

ORDER GRANTING MOTION FOR DEFAULT AND JUDGMENT ~ 1

America, LLC.  This Court withdrew the reference to this action, set a trial date, and referred the matter back to the Bankruptcy Court for that court to address pretrial matters.[1]  The Bankruptcy Court entered orders granting the Bankruptcy Trustee's motions for default and for default judgment.  The trustee now moves this Court for entry of default and default judgment.

     "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 54(a).  "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the

---

[1]The above-captioned action, CV-12-479-RMP, and CV-11-365-RMP both arise from the bankruptcy adversary action 11-80294-PCW11.  The Court entered an order withdrawing the reference to 11-80294-PCW11 in CV-11-365-RMP.  The Court clarified in CV-11-365-RMP that withdrawal of the reference extended to the entire adversary action and not just the parties seeking withdrawal. Accordingly, this action has been withdrawn, trial has been set, and the matter has been referred back to the Bankruptcy Court for disposition of pretrial matters as expressed in the Court's orders in CV-11-365-RMP.  An order of consolidation is forthcoming.

ORDER GRANTING MOTION FOR DEFAULT AND JUDGMENT ~ 2

amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing."  Fed. R. Civ. P. 54(b).

Pursuant to the Court's order on motion for withdrawal of reference, this Court will treat the Bankruptcy Court's orders entering default and default judgment as proposed findings of fact and conclusions of law.  The instant motion was filed on September 5, 2012.   Defendants Terry and Kathy Kroske have filed no objection.  After a review of the record before this Court and the bankruptcy court, the Court concludes that default is appropriate and default judgment shall be entered.

Accordingly, **IT IS HEREBY ORDERED:**

1. The trustee's Motion for Entry of Default and Judgment, **ECF No. 5**, is **GRANTED**.

2. Defendants Terry and Kathy Kroske are in default, and default of said Defendants is hereby entered.

3. The Court will enter default judgment by separate order.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel and to Judge Patricia C. Williams.

**DATED** this 1st day of November 2012.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING MOTION FOR DEFAULT AND JUDGMENT ~ 3